PETER J. PRYOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pryor v. Commissioner
Docket No. 24687-92
United States Tax Court
T.C. Memo 1994-146; 1994 Tax Ct. Memo LEXIS 147; 67 T.C.M. (CCH) 2600; April 6, 1994, Filed *147 Peter J. Pryor, pro se. For respondent: William P. Boulet, Jr.
RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for summary judgment filed February 1, 1994, pursuant to Rule 121. [1] By order dated February 7, 1994, this Court directed petitioner to file a response to respondent's motion on or before March 9, 1994. On February 28, 1994, petitioner filed his "Notice of Objection to Respondent's Motion for Summary Judgment". Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6662(a)
1989
$ 5,891
$ 1,423
$ 1,178
1990
6,508
1,624
665
After concessions, respondent's motion raises the following issues: (1) Whether petitioner is liable for *148 deficiencies in income taxes as determined by respondent; and (2) whether petitioner is liable for additions to tax as determined by respondent under sections 6651(a)(1) and 6662(a). Respondent has conceded the addition to tax under section 6651(a)(1) for 1989. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials and inferences drawn from them must be considered in the light most favorable to the nonmoving party. ; . Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact, and that she is entitled to judgment as a matter of law. ; When a motion for summary judgment is made and supported, petitioner, as the nonmoving party, cannot rest upon mere allegations or denials *149 in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); ; . If petitioner does not so respond, then a decision, if appropriate, may be entered against him. Rule 121(d); see, e.g., ; ; ; ; . Also, "partial summary adjudication may be made which does not dispose of all the issues in the case." Rule 121(b); ; . Issue 1. Deficiencies in Income Taxes
Respondent disallowed certain deductions claimed by petitioner on the ground that petitioner's *150 justifications for the deductions are nothing more than tax protester arguments, which have been rejected by this Court. We have examined the record; and after construing the facts therein most favorably to petitioner, we conclude that there is no genuine issue of material fact regarding the deficiencies determined by respondent. On his Federal income tax return for the taxable year 1989, petitioner claimed casualty losses of $ 77,669.72 and tax preparation fees of $ 41,429.99. On his Federal income tax return for the taxable year 1990, petitioner claimed tax preparation fees of $ 39,814. After reviewing petitioner's petition and "Notice of Objection to Respondent's Motion for Summary Judgment", we agree with respondent that petitioner's support for such deductions constitutes nothing more than long-discarded tax protester arguments. This is not the first time petitioner has made tax protester arguments. See ; , affd. without published opinion ; *151 ; Pryor v. United States, 90-1 USTC par. 50212 (D. Colo. 1990. Indeed, the very arguments posited herein are identical to arguments petitioner has previously made and lost before this Court and the Court of Appeals for the Tenth Circuit. See , affd. without published opinion, . Based on the foregoing, we grant respondent's motion for summary judgment with respect to the deficiencies in tax for 1989 and 1990. Issue 2. Additions to Tax
Respondent also contends that there is no genuine issue of material fact as to the additions to tax. After construing the facts most favorably to petitioner, we find that there are material issues of fact remaining in dispute. Accordingly, we deny respondent's motion for summary judgment with respect to the additions to tax. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for taxable years in issue.↩